UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON SHARP, | ) | CASE NO.    1:21 CR 104 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| Respondent. | ) |  |

This matter comes before the Court upon Petitioner, Brandon Sharp's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #90, 94). The Government filed a Response in Opposition to Petitioner's Motion, and the Petitioner filed a "Motion in Response to the Governments Motion in Opposition." (ECF #99, 105). Mr. Sharp also filed a "Correlative Motion for Judicial Disqualification," and a "Motion for Judicial Notice of Adjudicative Facts per to Federal Rule 201." (ECF #104, 106). The Government did not respond to the latter two motions.   As a preliminary matter, there is no legal or factual basis for this court to be disqualified from considering Mr. Sharp's Motion pursuant to 28 U.S.C. § 2255. The Sixth Circuit upheld the Court's decisions refusing new counsel, and proceeding in trial

without the defendant's attendance.  Further, there is no need for defendant's Motion for Judicial Notice of Adjudicative Facts.  The Court fully considered the entire record, including all relevant transcripts and exhibits in coming to its decision on Mr. Sharp's §2255 motion.  Any additional information contained in the exhibits of the Motion for Judicial Notice is not relevant or proper for consideration at this time.

**Factual and Procedural History**

On March 1, 2022, a jury found Mr. Sharp guilty on four counts, including : (1) possession with intent to distribute 5.3 grams of a substance containing fentanyl and phenyl fentanyl; (2) possession with intent to distribute 4.08 grams of a substance containing fentanyl and heroin; (3) possession with intent to distribute 41.74 grams of a substance containing cocaine and heroin; and (4) possession with intent to distribute 10 grams or more of a substance containing fentanyl and phenyl fentanyl . (ECF #59).  The Court determined that Mr. Sharp qualified as a career offender, which resulted in an applicable guideline range of 262 to 327 months.  The Court ultimately departed downward, and sentenced him to 175 months in the Bureau of Prisons on each count, to be served concurrently. (ECF #68, 69).  Mr. Sharp appealed his conviction to the Sixth Circuit arguing six assignments of error, including that: (1) the police seizure of his vehicle was improper; (2) the district court's erred by refusing to appoint substitute counsel; (3) the district court's erred by deciding to proceed with trial in his absence; (4) the evidence was insufficient to support the verdict; (5) the imposition of a career offender enhancement was not justified; and, (6) his trial counsel was ineffective.  (ECF #72, 85, 86).  The Court of Appeals affirmed his conviction and sentence, reserving the issue of ineffective assistance of counsel for collateral review.  (ECF #33).  He now seeks to vacate his sentence on

2

the grounds of ineffective assistance of counsel.

## Legal Standard

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255.  In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020).   The petitioner must "state the fact supporting each ground."  28 U.S.C. §2255 Proc. R. 2(b)(2).  "Conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under §2255." *Jefferson v. United States*, 730 F.3d 537, 547 (6th cir. 2013), quoting United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012).  If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion.  *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982).   "Once the defendant's chance to appeal has been waived or exhausted. . . we are entitled to presume he stands fairly and finally convicted."  *Id.* at 164.   A  court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete

3

miscarriage of justice." *Id.* (internal quotation and citation omitted).   Relief cannot be granted for alleged errors that could have been reached by a direct appeal.  *Stone v. Powell*, 428 U.S. 465, 477 (1076).

## Analysis

Petitioner's motion asserts five grounds, each of which is dependent upon an allegation of ineffective assistance of counsel.  Mr. Sharp claims his counsel was ineffective for the following reasons:

(1)      counsel failed to effectively challenge the "misleading information" in the search warrant application;

(2)      counsel failed to argue that the warrantless search of his truck was improper;

(3)      counsel failed to agure that the warrantless seizure of his truck was improper;

(4)      counsel failed to effectively argue that the evidence was insufficient to support conviction;

(5)      counsel failed to challenge the "incorrect application" of sentencing guidelines and career offender status.

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.*  Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

4

In order to establish that an attorney's representation was deficient, a petitioner must identify specific acts or omissions which he claims rose to the level of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.  The petitioner must then  show that these acts or omissions caused counsel's representation to fall "below an objective standard of reasonableness." *Id.* at 687-88.  The prosecution has no duty to prove that defense counsel's strategy was actually reasonable, rather the petitioner bears the burden of proving that the presumption is not warranted. *Id.* at 690.

When reviewing allegations of ineffective assistance, effectiveness should be measured by "prevailing professional norms, " not best practices or most common custom. *See, Harrington v. Richter,* 562 U.S. 86, 105 (2011)(quoting *Strickland,* 466 U.S. at 690)*; see, also, Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  The court's inquiry must consider the circumstances and perspectives of counsel at the time of the alleged error, and should not take place in a vacuum or with the benefit of hindsight.  *See, Strickland,* 466 U.S. at 688-89.  Judicial scrutiny of counsel's performance "must be highly deferential," indulging "a strong presumption that counsel's conduct falls withing the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.  Courts should not second guess strategical decisions.  "Counsel may exercise his professional judgment  with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

"The Constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable or

constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982).  Further, attorneys have no duty to pursue frivolous arguments.  *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6ᵗʰ Cir. 2011).

In addition to proving deficiency, Mr. Sharp will have to show that his counsel's errors prejudiced the outcome of his trial.  An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Strickland*, 466 U.S. at 691.  Counsel is only ineffective under the Constitution if their performance was prejudicial to the defense.  *Id.* at 692.  It is insufficient to show that counsel's errors had "some conceivable effect on the outcome of the proceeding," rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The Sixth Circuit has defined "reasonable probability" as that level of certainty which would lead the court to believe that the defendant lost "what he otherwise probably would have won," or "that defeat was snatched from the hands of probable victory."  *United States v. Morrown*, 977 F.2d 222, 229 (6ᵗʰ cir. 1992).

None of the allegations made by Mr. Sharp establish ineffective assistance of counsel at his trial or on appeal.

1. <u>Grounds One, Two, and Three - Fourth Amendment/Search and Seizure</u>

Mr. Sharp's counsel did challenge the validity of the search and seizure of Mr. Sharp's vehicle.  His attorney filed several substantive motions on Mr. Sharp's behalf, including a motion to suppress the results of the search of his semi-truck.  Following the denial of the motion to suppress, Mr. Sharp's attorney did not abandon the argument.  Rather, he filed multiple motions *in limine*, including one seeking to exclude the drugs found in the search on the basis that they

6

may have been planted. Further, the search was not warrantless. Following an canine sniff of the vehicle, the police obtained a warrant to search the inside of the vehicle. Mr. Sharp's counsel evaluated Mr. Sharp's contention that the search warrant was based on misrepresentations, but found that there was no grounds to make such an argument, and decided not to request a *Franks* hearing. This was not ineffective as counsel fully evaluated Mr. Sharp's concerns and made an informed strategic decision not to pursue that course of action. Even if the decision had not been correct, it was not prejudicial as the veracity of the statements leading to the search warrant were fully explored at the suppression hearing. Mr. Sharp's counsel raised all of the relevant legal issues at each stage of the proceedings.

The towing of his vehicle was a legal seizure, and had no legal impact on the search warrant that supported the search. The search was reasonable and compliant with due process. The Court of Appeals affirmed that there was a legal basis to tow the vehicle, and upheld the denial of Mr. Sharp's motion to suppress. Therefore, Mr. Sharp's counsel was not ineffective, and he suffered no prejudice from his counsel's strategic decisions.

2. Ground Four -Insufficienty of the Evidence

Mr. Sharp argues that his counsel should have moved for acquittal based on the insufficiency of the evidence against him. This claim is baseless. First, his counsel did, in fact, move for acquittal pursuant to Rule 29. Further, any failure to argue insufficiency of the evidence would not have been prejudicial, as there was more than sufficient evidence to support his conviction. The government established that they had received an anonymous tip that a specific amount of heroin was hidden, in a green bag, in the wheel of a Western Express semi-truck parked at a specific location. (ECF #80, PageID 574-75). The Lorain Police sent an officer

and a K-9 to investigate, finding the described truck illegally parked in the reported location. (ECF #80, PageID 583-84).  The K-9 performed a sniff around the exterior of the unattended vehicle and alerted twice, once on the passenger side door, and once on the driver's side wheel well where a green bag containing fentanyl and heroin was found.  (ECF #80, PageID 588-90). The bag containing narcotics also contained a note saying "Brandon, call me!"  (ECF #80, PageID 643).

After obtaining a warrant, the police also found two bags containing fentanyl, heroin and cocaine in a cardboard box behind the driver's seat, totalling 120 grams of illegal substances. There was a hidden compartment in floor of the truck, which is also indicative of drug trafficking. The truck belonged to Mr. Sharp, and mail belonging to Mr. Sharp was found in the vehicle.  There was also $2000.00 in cash and vinyl gloves stored in the vehicle.  This is more than sufficient evidence to support his convictions.

His attorney presented alternative explanations of how the drugs got into Mr. Sharp's truck, but the jury did not find those arguments credible.  He also argued that there was a lack of DNA/fingerprints tying Mr. Sharp to the narcotics.  The jury also did not find this argument convincing.  There is absolutely no basis upon which the Court could find that Mr. Sharp's counsel was ineffective in this regard.  He made multiple arguments challenging the evidence, but the evidence was more than sufficient to establish Mr. Sharp's guilt.

3.  Ground Five - Sentencing

Mr. Sharp contends that his counsel was ineffective for failing to argue that his prior Ohio marijuana convictions should not count towards establishing career offender status, because the case law at the time of sentencing was mixed on how these should be treated.  His counsel was

8

not ineffective for failing to argue this position, however, because it is legally incorrect.  In *United States v. Clark*, the Sixth Circuit held when considering whether prior drug offenses count towards career offender status, the court must look at the drug schedules in place at the time of conviction, not those in place at the time of sentencing.  46 F.4th 404, 408-11 (6th Cir. 2022).  At the time of his conviction, his prior marijuana offenses were included on both the state and federal drug schedules and, therefore, would have counted towards his career offender determination.   As the convictions count, Mr. Sharp was not prejudiced by his counsel's failure to make this argument.  Further, his counsel was extremely effective in arguing against the imposition of the enhance guideline range that would have normally accompanied this career offender designation.  His counsel effectively argued for a significant downward variance which resulted in the Court reducing his guideline range from a total offense level 34, criminal history level six, with a range of 262-327 months, to a total offense level 32, criminal history category III, with a final sentence of 175 months.  Thus, the career offender designation, despite being legally imposed, did not affect his final sentence.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  As Mr. Sharp has failed to meet his burden of proving a violation of his constitutional rights by a preponderance of the evidence, on any grounds, his claim is DENIED.

**<u>Certificate of Appealability</u>**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.

10

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #90, 105), and his Motions for Judicial Disqualification and Judicial Notice of Adjudicative Facts (ECF #104, 106) are all DENIED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: March 31, 2026